UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GORDON C. REID | : |
| | : |
| v. | : MISC. No. 06-44S |
| | : |
| WARREN F. DOWALIBY, | : |
| Superintendent, Strafford County | : |
| Department of Corrections, et als. | : |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, Gordon C. Reid, is a federal pretrial detainee placed at the Strafford County Department of Corrections (the "SCDOC") in Dover, New Hampshire. On May 12, 2006, Plaintiff filed a Complaint against several employees of the SCDOC and the U.S. Marshal for the District of New Hampshire pursuant to 42 U.S.C. § 1983 challenging his conditions of confinement and claiming denial of access to law materials. He also filed a Motion to Proceed In Forma Pauperis ("IFP") and a Motion for Temporary Restraining Order ("TRO"). His IFP Motion was granted by the District of New Hampshire and then this matter was transferred to the District of Rhode Island because of the recusal of all of the New Hampshire Judges.[1] The case was assigned to District Judge William Smith and, on May 25, 2006, he referred Plaintiff's Motion for TRO (Document No. 10) to this Court for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a).

---

[1] It appears from the docket that the New Hampshire judges recused because of the presence of their District's U.S. Marshal as a named defendant.

## Background

Plaintiff has requested an expedited hearing on his Motion for TRO because his criminal prosecution is scheduled for trial on or about July 18, 2006.[2] Plaintiff was indicted of one count of Hobbs Act robbery on April 13, 2005 and has been detained on that charge since on or about April 22, 2005. See United States v. Reid, CR 05-57JD (D.N.H.). Plaintiff is pro se in this case and pro se with stand-by counsel in the criminal case.

On June 2, 2006, this Court ordered that Plaintiff's Complaint and Motion for TRO be served on Defendants and a written response to Plaintiff's Motion for TRO be filed. On June 14, 2006, Defendant Monier filed a response to Plaintiff's Motion for TRO and also a Motion to Dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6) (Document No. 14).[3] For the reasons that follow, I recommend that Plaintiff's Motion for TRO be DENIED. After reviewing Plaintiff's Verified Complaint, the parties' memoranda of law and the docket in Plaintiff's pending New Hampshire criminal case, I conclude that an evidentiary hearing is not necessary. See Campbell Soup Co. v. Giles, 47 F.3d 467, 470 (1st Cir. 1995) (An evidentiary hearing is not an indispensable requirement when a court rules on a request for injunctive relief under Fed. R. Civ. P. 65.).

## Discussion

As the party moving for preliminary injunctive relief, Plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the

---

[2] Plaintiff's first criminal trial ended on February 22, 2006 as a mistrial.

[3] Since Defendant Monier's "cross" motion to dismiss has not been referred to this Court and is not yet ripe for decision, this Court will not address the request for dismissal.

effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, Plaintiff has failed to demonstrate a likelihood of success on the merits, and his Motion for TRO should be denied on that basis. In his Verified Complaint, Plaintiff generally challenges his conditions of confinement as a pretrial detainee and contends that such conditions constitute cruel and unusual punishment. He also specifically claims that certain disciplinary restrictions placed upon him at the SCDOC violated his right to access to the Court. Plaintiff's Motion for TRO focuses on the access claim, and he requests that the Court issue an order directing Defendants to provide him with access to a telephone, the "attorney phone," and the law computer, and to return his law books, legal files, writing implements, stationery and legal mail. Plaintiff also seeks an order prohibiting Defendants in the future from seizing his legal files, writing implements or stationery; withholding, altering and/or inspecting his legal mail, papers or files; and interfering or obstructing his access to the Court.

Although a criminal defendant has a Sixth Amendment right to represent himself, that right does not require unlimited access to a law library or law materials. See Kane v. Garcia Espitia, 126 S. Ct. 407, 408 (2005) (citing cases). When stand-by counsel is available to assist a criminal defendant, his right to represent himself and his right to have access to a law library or legal materials can be subject to reasonable restrictions. See, e.g., United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995) (right of access must be balanced against the legitimate security needs or resource constraints of the prison); Caton v. Maze, 995 F.2d 881, 881 (8th Cir. 1993); Barham v. Powell, 895 F.2d 19, 23 (1st Cir. 1990); Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985).

-3-

Plaintiff has failed to show a likelihood of success on the merits for two primary reasons. First, it is apparent from a review of the docket in Plaintiff's pending criminal case that he is trying to relitigate matters in this case which have been raised and decided in his criminal case. For instance, on April 27, 2006, Plaintiff filed a Motion for Access to the Court (Document No. 278), a Motion for Stay of Proceedings (Document No. 277) and a Motion for Protective Order (Document No. 279) in United States v. Reid, CR 05-57 JD (D.N.H.). These Motions essentially raise the same issues presented in Plaintiff's Motion for TRO in this case.

On May 15, 2006, District Judge Joseph A. DiClerico, Jr. denied the Motion for Stay noting that Plaintiff had been given "ample time" to prepare for his second criminal trial (a retrial), he was "very well prepared in the first trial," he had six months to prepare between trials and there were no significant new issues to be addressed in the second trial. (Document No. 285). Judge DiClerico also pointed out that Plaintiff has access to court appointed stand-by counsel "for assistance." Id. Further, on May 31, 2006, Judge DiClerico found that Plaintiff had regained access to his law computer, legal files, writing implements and "attorney phone" privileges, and thus he denied the Motions for a Protective Order and Access to the Court as moot. (Document No. 304).

Here, Plaintiff is seeking to relitigate issues that he has already pursued in his criminal case and that have been finally adjudicated by Judge DiClerico. It is well established that the doctrine of collateral estoppel or issue preclusion "bars relitigation of any factual or legal issue that was actually decided in previous litigation." Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994) (citation omitted). See also Johnson v. Mahoney, 424 F.3d 83 (1st Cir. 2005) (applying collateral estoppel in a suit arising under 42 U.S.C. § 1983). If Plaintiff is unhappy with Judge DiClerico's rulings, his recourse is to challenge Judge DiClerico's rulings on direct appeal if his

second trial results in a conviction. Plaintiff's recourse is not to commence a separate civil action and to seek a second bite at the apple. As the presiding trial judge in the criminal case, Judge DiClerico is in the best position to address the issues raised in Plaintiff's Motion for TRO and to ensure Plaintiff's right to a fair trial. See Metro Med. Supply, Inc. v. Shalala, 959 F. Supp. 799, 804 (M.D. Tenn. 1996) ("defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure"); cf. Younger v. Harris, 401 U.S. 37 (1971) (plaintiff in federal civil rights action not entitled to equitable relief against state court prosecution).

Second, the lack of merit to Plaintiff's access claim is evidenced by the claim itself. Plaintiff alleges that his writing implements, stamps and envelopes were seized, and he seeks an injunction, in part, ordering their return. However, Plaintiff was able to prepare and file a seventeen-page handwritten Complaint, a four-page handwritten Motion for TRO and a Motion to Proceed IFP in this case. These documents were received and filed by the Court on May 12, 2006 and dated by Plaintiff on May 5, 2006. Further, in his criminal case, Plaintiff's actions do not suggest any denial of access. Since the commencement of his criminal case in April 2005, Plaintiff has filed over eighty Motions in that case, as well as other additional notices and miscellaneous filings. Since this civil suit was commenced, he has filed nearly twenty Motions. Finally, Judge DiClerico, who has observed Plaintiff first-hand and has presided over his criminal case since May 13, 2005, found that Plaintiff had not been denied access to the Court, was very well prepared in his first trial and had ample time to prepare for the second trial. U.S. v. Reid, CR 05-57JD (D.N.H.) (Document Nos. 285 and 304).

For the reasons discussed above, this Court finds that Plaintiff has not met his burden under Fed. R. Civ. P. 65 to establish a likelihood of success on the merits to warrant preliminary injunctive

relief. Accordingly, I recommend that Plaintiff's Motion for TRO (Document No. 10) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
June 23, 2006