UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gordon C. Reid,
        Plaintiff

        v.                                  Civil No. 06-cv-182-SM
                                            Opinion No. 2008 DNH 008
Strafford County Department of
Corrections; Superintendent Warren F.
Dowaliby; Kevin Sullivan; Edward McGowen;
Fred Serne; Adam Rivera; Jeffrey McPherson;
and Fernando Serna,
        Defendants[1]


                          **O R D E R**


        In April of 2005, pro se plaintiff, Gordon Reid, was

indicted by a federal grand jury on charges that he interfered

with commerce by means of threats or violence, in violation of 18

U.S.C. § 1951(a) (also known as the "Hobbs Act").  At all times

material to this action, Reid was held at the Strafford County

House of Corrections, as a federal pre-trial detainee.  While

---

        [1]     Parenthetically, the court notes that, in his amended
complaint, Reid names as one of the defendants "Fred Serne."  See
Amended complaint (document no. 37) at para. 7.  The court's
docket, however, lists as defendants both "Fred Serne" and
"Fernando Serna" – an individual not specifically named in Reid's
amended complaint.  Defendants have added to the confusion by
filing a motion to dismiss and/or for summary judgment on behalf
of "corrections officer Serne" (document no. 40), as well as a
motion for summary judgment on behalf of "disciplinary officer
Fernando Serna" (document no. 62).  It would, however, appear
safe to assume that "Fred Serne" and "Fernando Serna" are the
same person and the defendant's actual name is Fernando Serna.

there, it appears Reid quickly distinguished himself as a
combative, disruptive, and violent inmate.  See, e.g., Affidavit
of Superintendent Warren Dowaliby (document no. 12-2) (noting
that during his relatively brief detention at the jail, Reid
assaulted a corrections officer by throwing a chair at him,
attacked other inmates at various times, resisted and/or
interfered with a corrections officer, and, on one occasion,
stabbed another inmate in the face).

        In his thirteen-count amended complaint (document no. 37),
Reid advances both state and federal claims, asserting that
various defendants assaulted him; deprived him of
constitutionally adequate access to the courts; retaliated
against him for exercising his First Amendment rights; denied him
equal protection of the law; deprived him of due process;
subjected him to cruel and unusual conditions of confinement;
subjected him to involuntary servitude; and deprived him of his
constitutionally protected freedom of association.  As
compensation for the many wrongs allegedly committed against him,
Reid seeks in excess of $6 million in damages.

        Defendants have filed various motions for summary judgment
asserting that they are entitled to judgment as a matter of law

as to each of the claims advanced by Reid.  In response, Reid has remained silent; he has failed to file any objection, nor has he sought additional time within which to respond.  Accordingly, the court will take as admitted the factual statements recited in defendants' motions, as supported by the attached affidavits and exhibits.  See Local Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party.").  See also McCrory v. Spigel, 260 F.3d 27, 31 (1st Cir. 2001) ("Although we view the evidence in the light most favorable to the nonmovant, as to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party.") (citations and internal quotation marks omitted).

## Discussion

Given the undisputed material facts of record, it is plain that defendants are entitled to judgment as a matter of law as to each of Reid's claims.  Among other things, the record establishes that defendants did not deprive Reid of meaningful access to the courts or his legal materials, nor did they prevent him from having meaningful contact with his criminal counsel

(count one).  It is also plain that defendant Dowaliby did not violate Reid's constitutionally protected right to equal protection by allegedly maintaining a policy of "not hiring federal pretrial detainees of African-American ancestry" (count two).  Nor did defendants deprive Reid of due process by placing him into maximum security/disciplinary segregation at the times about which Reid complains (count three).

As to Reid's assertions that various defendants subjected him to cruel and unusual forms of punishment by, for example, refusing to turn off an overhead light in Reid's cell at night, operating loud machinery at times Reid found unpleasant, and by stopping Reid from assaulting another inmate by using pepper spray on him (counts four, five, eight, nine, and ten), the record demonstrates that Reid was not subjected to unconstitutional conditions of confinement and, therefore, defendants are entitled to judgment as a matter of law.  The same is true of Reid's claims that defendants deprived him of due process in the context of inmate disciplinary proceedings (count seven) and by placing him in full restraints whenever he was moved out of maximum security/disciplinary segregation (count eleven).  See, e.g., Affidavit of Superintendent Warren Dowaliby (document no. 59-3) at para. 15.

4

Reid's claim that defendants subjected him to "involuntary servitude, thereby depriv[ing] him of due process" by forcing him "to perform manual labor under penalty of sanctions," (count six) and his claim that defendants deprived him of his constitutionally protected freedom of association by placing limits on his access to the jail's telephone and on the number of personal letters he could mail each week (count twelve) are, in a word, frivolous.  They lack any legal merit or factual support.

Reid's assertion that defendants unlawfully retaliated against him, in violation of the First and Fourteenth Amendments, by placing him in and/or keeping him in maximum security/ disciplinary segregation (count thirteen) is entirely unsupported in the record.  First, there is no indication that any of the time Reid spent in maximum security/disciplinary segregation was unwarranted.  Moreover, there is no indication that defendants placed (or maintained) Reid in heightened security in response to, or in retaliation for, his having engaged in some form of protected activity.

Finally, to the extent Reid's amended complaint advances viable state law claims for assault and battery, the record establishes that defendant McGowen's use of pepper spray against

Reid to stop him from assaulting another inmate (count eight), as well as defendant Rivera's use of physical force against Reid in his cell (count ten), were not only privileged, but justified, measured, and reasonable uses of force against a non-compliant and violence-prone inmate. See Affidavit of Adam Rivera (document no. 58-3) at paras. 5-8 and attached Exhibit A; Affidavit of Edward McGowen (document no. 60-3) at paras. 6-8. Reid's assertion that defendant Sullivan "assaulted" him by directing Reid to a warm shower (rather than a cold shower) to remove pepper spray from his face and body (count nine) is without legal or factual merit.

## Conclusion

For the foregoing reasons, as well as those set forth in defendants' legal memoranda, defendants are entitled to judgment as a matter of law as to each of the claims advanced by Reid. Accordingly, the following motions are granted:

> Motion to dismiss or for summary judgment filed by defendants Dowaliby, McPherson, Sullivan, McGowen, Serna, and Rivera (document no. 40);
>
> Motion for summary judgment filed by defendant Rivera (document no. 58);
>
> Motion for summary judgment filed by defendants Dowaliby, McPherson, and the Strafford County Department of Corrections (document no. 59);

6

Motion for summary judgment filed by defendant McGowen (document no. 60);

Motion for summary judgment filed by defendant Sullivan (document no. 61); and

Motion for summary judgment filed by defendant Serna (document no. 62).

The proposed discovery plan submitted by defendants Serna, Rivera, Dowaliby, McPherson, Sullivan, and McGowen (document no. 49) is now unnecessary, and moot.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 15, 2008

cc:  Gordon C. Reid, pro se
     Corey M. Belebrow, Esq.
     Victoria S. Shin, Esq.

7