UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gordon C. Reid,
    Plaintiff

    v.                                    Civil No. 06-cv-182-SM
                                          Opinion No. 2008 DNH 074
Strafford County Department of
Corrections; Superintendent Warren F.
Dowaliby; Kevin Sullivan; Edward McGowen;
Fred Serne; Adam Rivera; Jeffrey McPherson;
and Fernando Serna,
    Defendants


**O R D E R**


On January 15, 2008, the court granted defendants' various unopposed motions for summary judgment (documents no. 58, 59, 60, 61, and 62), concluding that, based on the undisputed factual record, defendants were entitled to judgment as a matter of law. The following day, judgment was entered in defendants' favor as to all claims advanced in plaintiff's thirteen-count amended complaint. See Order dated January 15, 2008 (document no. 64) and Judgment (document no. 65).[1]

---

[1]  The Judgment entered in this case erroneously states that a Report and Recommendation dated August 30, 2006 (document no. 27), was issued by Magistrate Judge James Muirhead and an order dated October 18, 2006 (document no. 36), was issued by Chief Judge Steven J. McAuliffe.  That is incorrect.  At the time, the case was before the United States District Court for the District of Rhode Island.  Accordingly, that order was issued by Judge William E. Smith, and the Report and Recommendation was issued by Magistrate Judge Lincoln D. Almond.

Invoking the provisions of Rule 60(b)(6) of the Federal Rules of Civil Procedure, plaintiff, Gordon Reid, moves the court to grant him relief from that judgment.  That motion is denied.

## Discussion

Rule 60(b)(6) is the "catch-all" section of Rule 60 and provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In support of his motion, plaintiff has submitted an affidavit in which he claims that he never received copies of numerous documents sent to him by the court and defendants.  Specifically, plaintiff asserts that he did not receive:

  1.  The magistrate judge's Report and Recommendation (document no. 27), recommending that the court deny plaintiff's motion for a temporary restraining order;

  2.  The court's order (document no. 36) approving a different report and recommendation, in which the magistrate judge recommended that motions to dismiss filed by two defendants be denied and that the case be transferred back to New Hampshire; and, perhaps most importantly,

  3.  The defendants' five separate motions for summary judgment (documents no. 58, 59, 60, 61, and 62).

See Affidavit of Gordon Reid (document no 66-2) at paras. 3-5. Reid says because he never received copies of any of defendants'

various motions for summary judgment, he "could not respond to that which he had not received" and, therefore, claims he has "established reason justifying relief from the operation of the judgment." Plaintiff's motion (document no. 66) at 2. The court disagrees.

I.   The Timing of Plaintiff's Motion.

Even accepting Reid's unlikely claims as true, and assuming that he never received copies of the five motions for summary judgment filed by defendants (which motions were mailed to him on different dates and were never returned to sender as undeliverable), Reid still cannot prevail under Rule 60(b)(6). While their motions for summary judgment were pending, defendants moved the court to stay all proceedings in the case until the court had ruled on those dispositive motions. That motion to stay specifically referenced the five motions for summary judgment that had been filed by defendants. See Motion to Stay (document no. 63) at paras. 3-4. It also specifically noted plaintiff's failure to file any timely objections. Id. at para. 7. Reid does not deny receiving a copy of defendants' motion to stay. See generally Affidavit of Gordon Reid.

Despite the fact that the motion to stay put him on notice of the five pending motions for summary judgment, Reid remained silent. It was not until more than a month after the court issued its order granting defendants' motions for summary judgment, and nearly seven weeks after defendants filed their motion to stay, that Reid asserted that he was unaware that any motions for summary judgment had been pending against him. Given the circumstances, the court cannot conclude that plaintiff acted in a timely fashion, as is required by Rule 60(c) ("A motion for relief under Rule 60(b) must be made within a reasonable time.").

II.  Reid's Failure to Show the Merits of His Underlying Claims.

The court of appeals for this circuit has made clear that, "Rule 60(b)(6) motions should be granted only where exceptional circumstances justifying extraordinary relief exist. . . . Additionally, a 60(b)(6) movant must make a suitable showing that the movant has a meritorious claim." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997) (citations omitted). Even if Reid had demonstrated that "exceptional circumstances" justify the "extraordinary relief" he seeks, he has wholly failed to make any showing that his underlying claims are meritorious. And, as the court of appeals has held, such a failure is fatal to a Rule 60(b)(6) request for relief from the judgment.

> This tenet [i.e., that the movant must show that his or her underlying claims or defenses are meritorious] is dispositive here. The Union, in its Rule 60(b)(6) motion, did not make any allusion to the viability of its underlying suit. Moreover, the defendants, in their written opposition to the motion, argued at some length that the Union's claims were doomed to fail. Despite this red alert, the Union never sought leave to file a rejoinder, see D. Mass. Loc. R. 7.1(a)(3) (in district court motion practice, reply briefs may be submitted "with leave of court"), or otherwise to controvert the defendants' point. On this record, then, <u>an essential precondition to Rule 60(b)(6) relief</u> was unfulfilled.

<u>Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.</u>, 953 F.2d 17, 20 (1st Cir. 1992) (emphasis supplied)(footnote omitted). See also <u>Rucci v. United States INS</u>, 405 F.3d 45, 48 (1st Cir. 2005) ("Rule 60(b) relief is extraordinary in nature, and to warrant such relief a movant must demonstrate that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party. Moreover, a district court should <u>only grant Rule 60(b) relief</u> if the moving party demonstrates that <u>the underlying claims have a reasonable chance of success on the merits</u>.") (emphasis supplied) (citations and internal punctuation omitted); <u>Caisse v. DuBois</u>, 346 F.3d 213, 215 (1st Cir. 2003) ("the movant must show that granting the motion will not be an

'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits.") (citations omitted).

As the court noted in its order granting defendants' motions for summary judgment, some of plaintiff's claims bordered on being frivolous, if not fanciful (e.g., a claim that he was denied equal protection because the jail allegedly maintained an official policy of "not hiring federal pretrial detainees of African-American ancestry," order at 4 (quoting count two of plaintiff's amended complaint), or that defendants subjected him to "cruel and unusual forms of punishment by, for example, refusing to turn off an overhead light in Reid's cell at night, operating loud machinery at times Reid found unpleasant, and by stopping Reid from assaulting another inmate by using pepper spray on him," id.  In his motion seeking relief from the judgment, Reid has failed to address the merits of those or any other claims in his amended complaint and neglected to show how it is likely that he will prevail on those claims if the case were reopened.  He has, then, failed to comply with an essential requirement of Rule 60 and is not entitled to the extraordinary relief he seeks.

**Conclusion**

Even assuming the truth of the claims in plaintiff's affidavit, he has failed to demonstrate that he is entitled to the extraordinary relief afforded by Rule 60(b)(6) (or, although he does not invoke its provisions, Rule 60(b)(1)). First, he has neglected to explain why he waited so long before notifying the court (and opposing counsel) that he never received copies of defendants' five motions for summary judgment. More importantly, however, he has failed to point to anything that might suggest that his underlying claims are meritorious and that vacating the judgment previously entered will be anything other than an empty, fruitless exercise.

Plaintiff's Motion for Relief from Judgment (document no. 66) is denied. The Clerk of Court shall enter an Amended Judgment, correcting the typographical errors contained in the original Judgment, see note 1, supra, and close the case.

**SO ORDERED.**

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

April 2, 2008

cc: Gordon C. Reid, pro se
    Corey M. Belobrow, Esq.